### JAMES L. HENRY v. STATE OF NORTH CAROLINA.

A Judge of the Superior Court, holding Courts of Oyer and Terminer under commissions from the Governor, is entitled to reasonable and just compensation, which, being ascertained upon a reference to the Clerk, the Court recommends the General Assembly to allow.

(*State* v. *Baker*, 63 N. C. Rep., cited and approved.)

PETITION of his Honor, *James L. Henry,* Judge of the 11th Judicial District, to the Supreme Court, preferring his claim against the State for compensation for holding terms of a Court of Oyer and Terminer.

The material allegations of the petition, and which were reported by the Clerk are :

That Judge Henry, being duly commissioned by Governor Caldwell to hold Courts of Oyer and Terminer in the counties of Macon and Yancy, appointed and held the same. That at each of the Courts, prisoners were put upon trial, and removed their cases to adjacent counties, in which he appointed terms to be held, which were held and at which the prisoners were tried.

For the State it was submitted by the Attorney General, that Judge Henry should be paid by the counties in which the Courts were held, and not by the Public Treasurer.

The Clerk reported as a just compensation for the services rendered, $350, with the reimbursement of the costs of the petition.

*Bailey* and *Badger*, for the petitioner.
*Attorney General Hargrove*, for the State.

Rodman, J.  It cannot be doubted that Judge Henry rendered service to the State in his official character, and under a legal commission from the Governor, for two weeks in one county, for one week in another, for three days in another, and for two days in still another, making in all three weeks and five days of service.  That his services were performed in accordance with law, this Court decided in the case of the *State* v. *Baker*, 63 N. C. Rep., and again at this term in affirming the sentence which he passed on Henderson, tried for murder at one of the Courts held by him, for which he claims compensation.  That Judge Henry has a just claim for compensation is not denied by any one.  The questions are as to its amount, and whether it should be paid by the State or by the several counties in which the Courts were held.  There are various statutes bearing on the question incidentally, but none directly, or directly providing for the compensation of a Judge in a case like this. It would be useless to refer to the several statutes, and it would be almost or quite impossible to draw from them any certain conclusion.  We do not feel bound to do so, as we would be in a case between individuals, in which it would be necessary for us to determine the absolute rights of the parties.  In this case we can only recommend to the Legislature.  And we do accordingly recommend as equitable, that the State to pay Judge Henry, three hundred and fifty dollars, in full compensation for his services in holding the Courts mentioned in his petition.  The petitioner will pay

the costs of this Court, for which we recommend also that the State shall indemnify him.

PER CURIAM.                    Recommended accordingly.